**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVLAND**

| | | |
|---|---|---|
| **CHRISTOPHER BOLYARD,** | : | |
| 3405 W. 137th Street | : | |
| Cleveland, OH 44111 | : | Case No. 1:19-cv-2402 |
| | : | |
| and | : | JUDGE |
| | : | |
| **PAMELA SHEPPARD,** | : | MAGISTRATE JUDGE |
| 3405 W. 137th Street | : | |
| Cleveland, OH 44111 | : | |
| | : | |
| and | : | |
| | : | **Jury Demand Endorsed Hereon** |
| **MERANDA WILDER,** | : | |
| 3312 W. 88th Street | : | |
| Cleveland, OH 44102 | : | |
| | : | |
| and | : | |
| | : | |
| **JELANNE SHUKRY,** | : | |
| 12400 Deer Creek Drive, Apt. 310 | : | |
| North Royalton, OH 44133 | : | |
| | : | |
| and | : | |
| | : | |
| **MARIO PASCHALL**, | : | |
| 3436 East 76th Street | : | |
| Cleveland, OH 44127 | : | |
| | : | |
| and | : | |
| | : | |
| **AUDREY HUNDLEY**, | : | |
| 3436 East 76th Street | : | |
| Cleveland, OH 44127 | : | |
| | : | |
| **Plaintiffs, for themselves and all others similarly situated,** | : | |
| | : | |
| v. | : | |
| | : | |
| **SHIVA SHAKTI TWO CORPORATION, d/b/a SUPER 8 BY WYNDHAM  WESTLAKE/** | : | |

CLEVELAND,                                    :
25200 Sperry Dr.                              :
Westlake, Ohio 44145                          :
c/o Registered Agent Hetal N. Patel           :
25200 Sperry Dr.                              :
Westlake, Ohio 44145                          :
                                              :
    and                   :
                                              :
HETAL PATEL,                                  :
25200 Sperry Dr.                              :
Westlake, Ohio 44145                          :
                                              :
    and                   :
                                              :
NEHAL PATEL,                                  :
25200 Sperry Dr.                              :
Westlake, Ohio 44145                          :
                                              :
    **Defendants.**        :

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiffs Christopher Bolyard, Pamela Sheppard, Meranda Wilder, Jelanne Shukry, Mario Paschall, and Audrey Hundley (referred to collectively herein as "Named Plaintiffs"), on behalf of themselves and others similarly situated, and proffers this Complaint for damages against Defendant Shiva Shakti Two Corporation d/b/a Super 8 by Wyndham Westlake/Cleveland, Defendant Hetal Patel, and Defendant Nehal Patel ("Defendants").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), the Ohio Prompt Pay Act, R.C. Chapter 4113, and Ohio common law.

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction over Named Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

2

3.     This Court has jurisdiction over Named Plaintiffs' claims under the statutory law of Ohio pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Named Plaintiffs entered into an employment relationship with Defendant in the Northern District of Ohio and performed their job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

## THE PARTIES

5.     Plaintiff Christopher Bolyard is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

6.     Plaintiff Pamela Sheppard is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

7.     Plaintiff Meranda Wilder is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

8.     Plaintiff Jelanne Shukry is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

9.     Plaintiff Mario Paschall is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

10.    Plaintiff Audrey Hundley is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

11.    At all times relevant herein, Named Plaintiffs were employees of Defendants' as that term is defined by the FLSA and Ohio law.

12.    Defendant Shiva Shakti Two Corporation d/b/a Super 8 by Wyndham Westlake/Cleveland is an Ohio Corporation registered to do business in Ohio.

13.     Defendant Hetal Patel is an individual and owner of Defendant Shiva Shakti Two Corporation.

14.     Defendant Nehal Patel is an individual and owner of Defendant Shiva Shakti Two Corporation.

15.     Upon information and belief, Defendants Hetal and Nehal Patel control the operations, including but not limited to, the payroll policies and practices, of Defendant Shiva Shakti Two Corporation.

16.     Defendants operate a motel (Super 8 by Wyndham Westlake/Cleveland) located at 25200 Sperry Drive, Westlake, Ohio 44145 in Cuyahoga County, Ohio.

17.     At all times relevant herein, Defendants are and have been jointly and individually, "employers" as that term is defined by the FLSA and R.C., Chapter 4111.

18.     At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiffs and those similarly situated.

19.     At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and those similarly situated.

20.     At all times relevant herein, Defendants have shared the services of Plaintiffs and those similarly situated.

21.     At all times relevant here, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and those similarly situated.

22.     At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants

4

constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.

23.     Upon information and belief, at all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

24.     Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

### Defendants' Business & Pay Practices

25.     Defendants are in the business of operating a Super 8 motel in Westlake, Ohio.

26.     Upon information and belief, Defendants purchased and took ownership of the Super 8 Motel in or around summer or fall of 2018.

27.     Defendants employ a general manager, front desk attendants, housekeeping and maintenance staff at the Super 8 motel.

28.     Upon information and belief, Defendants employ approximately 10-12 employees at any given time.

29.     Defendants' employees are all hourly paid, non-exempt employees as that term is defined in the FLSA and Chapter 4111.

30.     Employees are required to track their hours worked.  Employees typically utilize an application on their cell phones to clock in and out for their shifts.

31.     Employees' shifts vary depending on their position and depending upon the customer demand at any given time.

32.     Defendants' employees frequently work more than 40 hours in a workweek.

33.     At all times relevant herein, Defendants have failed to compensate their hourly-paid non-exempt employees at a rate of one and one-half their respective regular rates of pay for all hours worked in a single workweek in excess of 40.

34.     Defendants routinely compensate their employees at their regular rate of pay for all hours worked ("straight time")—even if in excess of 40 hours per workweek.

35.     Moreover, some employees do not even receive their regular rate of pay for hours worked in excess of 40.  Occasionally, Defendants compensate their employees at a "reduced" hourly rate for their hours worked in excess of 40 per workweek.

36.     This "reduced" hourly rate varies from week to week, but it often falls below the state and federal minimum wage as mandated by the FLSA and Chapter 4111.

37.     On numerous occasions, Defendants' employees have requested their pay stubs or other documentation of hours worked.  Defendants have refused to provide this information.

38.     Upon information and belief, Defendants have manually altered its employees' timecards to reflect that they have worked less hours than reported.

39.     This results in Defendants failure to compensate its hourly employees in accordance with the federal and state minimum wage requirements as well.

**Named Plaintiffs' Experiences**

**A.     Plaintiff Bolyard**

40.     Plaintiff Christopher Bolyard began his employment with Defendants in or around October 2018 as a maintenance employee.

6

41.     Plaintiff Bolyard's hours varied in this role, but he frequently worked more than 40 hours per workweek.

42.     In or around April or May of 2019, Plaintiff Bolyard was promoted to the position of General Manager.

43.     Plaintiff Bolyard's hours also varied in this role, but he nearly always worked more than 40 hours per week.  On occasion, Plaintiff Bolyard would be required to work multiple 24-hour shifts in a workweek.

44.     Plaintiff Bolyard's last day of employment with Defendants was on or about July 22, 2019.

45.     At all times throughout his employment, Plaintiff Bolyard was paid on an hourly basis.

46.     At all times throughout his employment, Plaintiff Bolyard was subjected to the same pay practices set forth above.

47.     When Plaintiff Bolyard began his employment with Defendants, he inquired about receiving overtime pay for hours worked in excess of 40 per workweek.

48.     Defendants promised Plaintiff Bolyard he would be compensated at the overtime rate of one-and-one-half times his hourly rate for all hours worked in excess of 40 per workweek.

49.     However, throughout Plaintiff Bolyard's employment with Defendants, he was never compensated at a rate of one-and-one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

50.     On some occasions when Plaintiff Bolyard worked more than 40 hours in a workweek, Defendants paid him either his regular rate of pay or a "reduced" rate of pay for those hours in excess of 40 per workweek.

51.     On other occasions, Defendants manually deduced time from Plaintiff Bolyard's timecard to ensure he did not report working more than 40 hours in a week.   The alteration of Plaintiff Bolyard's timecards was done without his knowledge or consent and done intentionally to deprive him of minimum wage and overtime compensation to which he was legally entitled.

52.     When Plaintiff Bolyard approached Defendants about their failure to properly compensate him, Defendants threatened to terminate his employment and withhold his pay if he continued to complain about his compensation.

**B.     Plaintiff Sheppard**

53.     Plaintiff Sheppard began her employment with the Super 8 in or around May 2017 as a front desk attendant.

54.     Plaintiff Sheppard left Defendants' employment in or around mid-July 2019.

55.     At all times throughout her employment, Plaintiff Sheppard was paid on an hourly basis.

56.     At all times throughout her employment, Plaintiff Sheppard was subjected to the same pay practices set forth above.

57.     During her employment with Defendants, Plaintiff Sheppard was typically scheduled to work four 8-hour shifts per workweek.  However, she was frequently required to continue working after her scheduled end time to complete her daily job duties.

58.     Despite the extra time Plaintiff Sheppard was required to work, she was only paid for her scheduled shift.

59.     On some occasions, Plaintiff Sheppard worked more than 40 hours per workweek. On those occasions, Plaintiff Sheppard was not compensated at a rate of one-and-one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

8

60.     Plaintiff Sheppard instead received a "reduced" hourly rate for her hours worked in excess of 40 per workweek. Plaintiff Sheppard was routinely paid seven dollars ($7.00) per hour for her hours worked in excess of 40 per workweek.

**C.     Plaintiff Wilder**

61.     Plaintiff Wilder began her employment with Defendants on or about October 31, 2018 as a front desk attendant.

62.     Plaintiff Wilder left Defendants' employment in or around March of 2019.

63.     At all times throughout her employment, Plaintiff Wilder was paid on an hourly basis.

64.     At all times throughout her employment, Plaintiff Wilder was subjected to the same pay practices set forth above.

65.     Plaintiff Wilder frequently worked more than 40 hours per workweek.  In fact, she was routinely scheduled to work 65 hours per workweek.

66.     Plaintiff Wilder was not compensated at a rate of one-and-one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

67.     Plaintiff Wilder received only her regular rate of pay for all hours worked, including those in excess of 40 per workweek ("straight time").

**D.     Plaintiff Shukry**

68.     Plaintiff Shukry began her employment at the Super 8 in or around May 2018 as a front desk attendant.

69.     Plaintiff Shukry was terminated in or around November 2018.  Plaintiff Shukry was experiencing health issues, and she could no longer work full time.

70.     At all times throughout her employment, Plaintiff Shukry was paid on an hourly basis.

71.     At all times throughout her employment, Plaintiff Shukry was subjected to the same pay practices set forth above.

72.     Plaintiff Shukry worked more than 40 hours per workweek during her employment with Defendants.

73.     Plaintiff Shukry was not compensated at a rate of one-and-one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

**E.     Plaintiff Paschall**

74.     Plaintiff Paschall was employed with Defendants for approximately one month in or around April 2019.  Plaintiff Paschall worked as a maintenance employee.

75.     At all times throughout his employment, Plaintiff Paschall was paid on an hourly basis.

76.     At all times throughout his employment, Plaintiff Paschall was subjected to the same pay practices set forth above.

77.     Plaintiff Paschall was typically scheduled to work 40 hours each week; however, he regularly worked more than 40 hours per week during his employment with Defendants.

78.     Defendants instructed Plaintiff Paschall to remain at work after his shift ended to complete his job duties.  Defendants stated that they did not pay overtime for additional hours worked over 40 in a workweek.

79.     Plaintiff Paschall was not compensated at a rate of one-and-one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

10

**F.      Plaintiff Hundley**

80.      Plaintiff Hundley was employed with Defendants for approximately one month in or around April 2019.  Plaintiff Hundley worked in housekeeping during her employment with Defendants.

81.      At all times throughout her employment, Plaintiff Hundley was paid on an hourly basis.

82.      At all times throughout her employment, Plaintiff Hundley was subjected to the same pay practices set forth above.

83.      Plaintiff Hundley was typically scheduled to work 40 hours each week; however, she regularly worked more than 40 hours per week during her employment with Defendants.

84.      Defendants instructed Plaintiff Hundley to remain at work after her shift ended to complete her job duties.  Defendants stated that they did not pay overtime for additional hours worked over 40 in a workweek.

85.      Plaintiff Hundley was not compensated at a rate of one-and-one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

## FIRST CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. -
### Failure to Pay Overtime

86.      All of the preceding paragraphs are realleged as if fully rewritten herein.

87.      Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated individuals of the opt-in class, which includes:

> All individuals currently and formerly employed by Defendants between the date Defendants purchased and/or began managing the Super 8 Motel employees' payroll and the present, who were paid on an hourly basis, and who did not receive

overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 ("Hourly Employees).

88.     Upon information and belief, Defendants have employed more than 40 Hourly Employees between the time Defendants purchased the Super 8 Motel and the present.

89.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiffs are representative of all Hourly Employees employed by Defendants and are acting on behalf of their interests as well as their own in bringing this action.

90.     The Hourly Employees are known to Defendants and are readily identifiable through Defendants' payroll records.  These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

91.     Plaintiffs and the Hourly Employees are paid on an hourly basis and are not exempt from the overtime requirements of the FLSA.

92.     Plaintiffs and the Hourly Employees were not paid at an overtime premium for all hours worked in excess of 40 in a workweek.

93.     Defendants were aware that Plaintiffs and the Hourly Employees regularly worked more than 40 hours per week, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for those hours.

94.     Defendants knew or should have known they were required to pay Plaintiffs and the Hourly Employees at an overtime premium for all hours worked in excess of 40 per workweek.

12

95.     In fact, Plaintiff Bolyard specifically complained about the improper overtime payment practices to Defendants Hetal and Nehal Patel.  Defendants instructed Plaintiff to stop complaining or he would be terminated, and Defendants would withhold his pay.

96.     Defendants knowingly and blatantly disregarded the overtime requirements and, upon information and belief, manually altered its employees' time records to avoid compensating them in accordance with the FLSA.  As a result, Hourly Employees were forced to work more than 40 hours per week without proper compensation.

### SECOND CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Minimum Wage**

97.     All of the preceding paragraphs are realleged as if fully rewritten herein.

98.     Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated individuals of the opt-in class, which includes:

> All individuals currently and formerly employed by Defendants between the date Defendants purchased and/or began managing the Super 8 Motel employees' payroll and the present, who were paid on an hourly basis, and who did not receive minimum wage for all hours worked ("Hourly Employees).

99.     Upon information and belief, Defendants have employed more than 40 Hourly Employees between the time Defendants purchased the Super 8 Motel and the present.

100.    This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage compensation withheld in violation of the FLSA.  Plaintiffs are representative of all Hourly Employees employed by Defendants and are acting on behalf of their interests as well as their own in bringing this action.

101.    The Hourly Employees are known to Defendants and are readily identifiable through Defendants' payroll records.  These individuals may readily be notified of this action, and

13

allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorneys' fees and costs under the FLSA.

102.    Plaintiffs and the Hourly Employees are paid on an hourly basis and are not exempt from the minimum wage requirements of the FLSA.

103.    Plaintiffs and the Hourly Employees were not paid at least minimum wage for all hours worked for Defendants.

104.    Defendants were aware that Plaintiffs and the Hourly Employees were not paid at least minimum wage for all hours worked.  In fact, Defendants knowingly and blatantly disregarded the minimum wage requirements and, upon information and belief, manually altered its employees' time records to avoid compensating its employees for all hours worked.

105.    Defendants knew or should have known they were required to pay Plaintiffs and the Hourly Employees no less than minimum wage for all hours worked.

106.    Hourly Employees have worked hours for which they were not paid at least the minimum wage required by federal law.

### THIRD CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### OMFWSA R.C. 4111.03 -
### Failure to Pay Overtime

107.    All of the preceding paragraphs are realleged as if fully rewritten herein.

108.    Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Chapter 4111 *et seq.*, by not paying Plaintiffs overtime compensation for all hours worked per workweek in excess of 40.

109.    Defendants' knowing failure to properly pay Plaintiff is a violation of Section 4111.03 of the Ohio Revised Code.

14

110.     For Defendants' violation of Section 4111.03, Plaintiffs are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## FOURTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### OMFWSA R.C. 4111.02 & Ohio Constitution Section 34(a) -
### Failure to Pay Minimum Wage

111.     All of the preceding paragraphs are realleged as if fully rewritten here.

112.     Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.*, and Section 34(a) of the Ohio Constitution by not paying Plaintiffs minimum wage for all hours worked.

113.     Defendants' knowing failure to properly pay Plaintiffs is a violation of Chapter 4111 of the Ohio Revised Code and Section 34(a) of the Ohio Constitution.

114.     For Defendants' violation of R.C. § 4111.02 and Section 34(a) of the Ohio Constitution, Plaintiffs are entitled to recover unpaid wages, an additional two (2) times the unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## FIFTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### R.C. 4113.15 –
### Failure to Tender Pay by Regular Payday

115.     All of the preceding paragraphs are realleged as if fully rewritten herein.

116.     Named Plaintiffs assert this claim under R.C. 4113.15, which requires Defendants to compensate their employees within thirty (30) days of the performance of compensable work.

117.     Defendants failed to make proper wage payments to Plaintiffs for all hours worked.

118.     By failing to make the wage payments within 30 days of when such payments are due, Defendants have violated R.C. 4113.15.

119.    As a result, in addition to the amount owed to Plaintiffs, Defendants are liable to Plaintiffs for an amount equal to six percent of Plaintiffs' claim still unpaid or two hundred dollars per paid period, whichever is greater.

**SIXTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)**
**Ohio Law -**
**Spoliation of Evidence**

120.    All of the preceding paragraphs are realleged as if fully rewritten herein.

121.    On August 21, 2019, following Plaintiff's departure from Defendants' employment, Plaintiffs' counsel sent Defendant Hetal Patel, the registered agent for Defendant Shiva Shakti Two Corporation, a letter via certified mail requesting timekeeping and payroll records for Plaintiff Bolyard pursuant to Article 2, Section 34a of the Ohio Constitution and Ohio Revised Code 4111.14(F).

122.    On September 5, 2019, Plaintiffs' counsel received an email from counsel for Shiva Shakti Two Corporation indicated that they were in receipt of the letter and that the requested employee records would be forthcoming.

123.    More than two weeks later, on September 20, 2019, Defendants counsel emailed Plaintiffs' counsel time clock records and check stubs for Plaintiff Bolyard between October 13, 2018 and July 26, 2019.

124.    Defendants provided time clock records for each workweek, but did not provide check stubs for two biweekly pay periods (March 22 – March 29, 2019 and April 5 – April 12, 2019).

125.    Plaintiff Bolyard then compared the time clock records he received from Defendants to screen shots of his time records he kept in his time-keeping application on his cell phone.  Upon review, Plaintiff learned that his clock-in and clock-out times on many of the time

clock records produced by Defendants had been altered. Specifically, the times that Plaintiff Bolyard had reported working were reduced by Defendants.

126.    Defendants willfully altered or otherwise destroyed Plaintiff's original, unaltered time records in order to interfere with Plaintiff's ability to prove his claims.

127.    Without accurate time records, Plaintiffs cannot calculate the full extent of unpaid wages they are owed.

128.    As a direct and proximate result of Defendants' actions, Plaintiffs have been injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

    A.    Designation of this action as a collective action pursuant to the FLSA on behalf of the collective action members and prompt issuance of notice to all similarly situated members of the proposed opt-in class, notifying them of this action, and permitting them to assert their timely claims for overtime and minimum wage payment in this action;

    B.    A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

    C.    An injunction against Defendants from engaging in each of the unlawful practices, policies, and patters set forth herein;

    D.    An award of unpaid wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

    E.    An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111;

F.  An award of an additional six percent of Plaintiffs' unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiffs, whichever is greater, pursuant to R.C. 4113.15.

G.  An award of prejudgment and post judgment interest;

H.  An award of punitive damages against Defendants for Spoliation of Evidence;

I.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

J.  Such other legal and equitable relief as this Court deems appropriate.


Respectfully submitted,


*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614
*Counsel for Plaintiffs*


## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.


*/s/Greg R. Mansell*
Greg R. Mansell (0085197)


18