IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOLYARD, *et al.*, | ) CASE NO. 1: 19 CV 2402 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| SHIVA SHAKTI TWO | ) |
| CORPORATION, *et al.*, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendants. | ) |

This matter is before the Court on the Named Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b). (ECF #8). Defendants filed an partial opposition to the motion, and Plaintiffs filed a Reply in support. (ECF #12, 22). For the reasons that follow, Plaintiffs' Motion is GRANTED with conditions.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

The Named Plaintiffs, Christopher Bolyard, Pamela Sheppard, Meranda Wilder, Jelanne Shurkry, Mario Paschall, and Audrey Hundley, brought this action collectively on behalf of themselves and "all others similarly situated," claiming that Defendants have policies and practices in place at their Super 8 motel in Westlake, Ohio, which violate the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs claim that Defendants have not paid their

hourly employees minimum wage for all hours worked, and have not followed overtime pay requirements under the FLSA. The currently pending motion seeks to have this case conditionally certified as a collective action, and seeks Court approval of procedures for notifying all putative plaintiffs of their right to opt-in to the collective action.

## II. DISCUSSION

### A. Standard of Review

The Fair Labor Standards Act ("FLSA") seeks to provide "specific minimum protections to individual workers" and to ensure that each covered worker receives a "fair day's pay for a fair day's work. *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The Act allows one or more employees to bring an enforcement action on their own behalf and as a representative for other similarly situated employees. 29 U.S.C. §216(b). Many courts within and without the Sixth Circuit have adopted a two-stage process for determining whether an FLSA action should proceed as a collective action. *See, e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). In this process, the Court determines based on the complaint and some modest factual allegations, whether there is a colorable basis for their claim that the putative class is "similarly situated" with regard to plausibly alleged claims. If so, the Court generally permits opt-in notification and additional discovery. This standard is "fairly lenient" and typically results is conditional certification of the class for purposes of notification. At this stage, the existence of significant individualized issues does not preclude conditional certification. *See, White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

In any case, the statutory standard for bringing a collective action under the FLSA is that

the opt-in plaintiffs must be "similarly situated," and it should not generally rely on any assessment of the merits of the case. *See, O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009); *Creely v. HCR ManorCore, Inc.*, 789 F.Supp.2d 819 (2011) at 826. This does not mean they must be identical, but the plaintiff has the burden of showing that the putative class is similarly situated with regard to the claims asserted.

### B. Application of Facts/Arguments

Defendants do not dispute that the putative class members are similarly situated or that they otherwise satisfy the substantive requirements for conditional certification. The Defendants did object to certification based on a mistaken understanding of the procedural requirements for conditional certification of collective actions. Defendants challenged certification based solely on Plaintiffs' failure to meet the procedural requirements for class certification under Local Rule 23.1 and Fed. R. Civ. P. 23. However, these rules do not apply to collective actions brought pursuant to 29 U.S.C. § 216(b). *See, e.g., Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32449, *10, 2007 WL 1341779 (N.D. Ohio 2007). Defendants sole objection to the conditional certification of a class under the FLSA is, therefore, overruled, and conditional certification is granted.

Defendants also argue that, in the event of certification, the class definition should not include current employees. That objection, likewise, is not well taken. The Plaintiffs proposed class includes, "[a]ll non-exempt individuals currently and formerly employed by Defendants between September 14, 2018 and the present, who were paid on an hourly basis." Named Plaintiffs include several former employees, including one employee who worked for Defendants up until August 2019, just two months before this action was filed. There is no evidence at this

point in time that would suggest that Defendants payment policies have changed since August of 2019. If, however, such evidence is uncovered during discovery, the appropriateness of the class as well as the breadth of the class definition may be revisited at a later stage of this litigation.

Within fourteen days of this Order, Defendants shall provide the Representative Plaintiffs with discovery containing the identity, employment location and position(s) held during employment with Defendants, dates of employment with Defendant, last known home address, last known phone number, and last known email address (if known), for all putative class members. The information must be provided either by electronic spreadsheet, or in some other equally legible and organized list/table.

### C. **Notification**

Plaintiffs have provided a proposed notice for opt-in notification,. Defendants have requested several changes to the wording, many of which the Plaintiffs do not oppose and have incorporated into their revised proposed notice. Plaintiffs do oppose any changes that eliminate current employees from the notice, or reference the FLSA's prohibition on retaliation. They also oppose removal of the notice that even employees who are owed only small amounts may join the action, and oppose the addition of duplicative statements relating to potential class members' right to consult their own private attorneys. The Court finds these few objections to Defendants' proposed changes to be valid based on the facts alleged and the law applicable to this case. Therefore, the Court adopts and approves the revised proposed notice attached as Exhibit A to Plaintiffs Reply brief. (ECF #22-A).

The notices shall be sent by mail and email to the last known addresses of each potential class member within fourteen days after Defendants have provided the Plaintiffs with the

putative members contact information. Plaintiffs will pay all costs associated with the mailing of the notice. If any of the notices are returned as undeliverable, Plaintiffs shall have the right within 30 days of receiving notice of undeliverable addresses to perform other investigations to locate more current information and upon discovery of new contact information may resend the class notice, and copy Defendants' counsel by email.

Finally, Defendants objection to the appointment of Plaintiffs' attorneys at class counsel is unfounded. As noted above, this case was brought as a collective action and not as a Rule 23 class action. Therefore, the class counsel requirements of Fed. R. Civ. P. 23(g), upon which Defendants' objections rest, do not apply.

## III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have met their burden of showing that this case should be conditionally certified as a collective action, pursuant to Fed. R. Civ. P. 26(d) and 83(b), and 29 U.S.C. § 216(b). The Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b) is, therefore, GRANTED. Discovery shall be permitted as provided in this order; and, the approved notice which is Exhibit A of Plaintiffs' Reply shall be sent to all potential opt-in class members as directed. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 22, 2020