**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BOLYARD, et al. | ) | CASE NO. 1:19-CV-2402 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Vs. | ) | **DEFENDANT SHIVA SHAKTI TWO** |
| | ) | **CORPORATION'S ANSWER TO** |
| SHIVA SHAKTI TWO | ) | **AMENDED COMPLAINT AND** |
| CORPORATION, et al. | ) | **AMENDED COUNTERCLAIM** |
| | ) | |
| Defendants. | ) | **(DEMAND FOR JURY TRIAL)** |
| | ) | |

Defendant Shiva Shakti Two Corporation ("SS2"), by and through undersigned counsel, hereby responds to Plaintiffs' amended complaint as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 of Plaintiffs' amended complaint does not require an admission or denial.  To the extent that an admission or denial is required, SS2 denies for want of knowledge the allegations set forth in that paragraph.

2.      Paragraph 2 of Plaintiffs' amended complaint does not require an admission or denial.  To the extent that and admission or denial is required, SS2 denies for want of knowledge the allegations set forth in that paragraph.

3.      Paragraph 3 of Plaintiffs' amended complaint does not require an admission or denial.  To the extent that and admission or denial is required, SS2 denies for want of knowledge the allegations set forth in that paragraph.

4.      In response to Paragraph 4 of Plaintiffs' amended complaint, SS2 admits that it is conducting and has conducted business in Cuyahoga County.  SS2 denies for want of knowledge all remaining allegations set forth in that paragraph.

1

EXHIBIT B

**THE PARTIES**

5.      SS2 denies for want of knowledge the allegations set forth in Paragraph 5 of Plaintiffs' amended complaint.

6.      SS2 denies for want of knowledge the allegations set forth in Paragraph 6 of Plaintiffs' amended complaint.

7.      SS2 denies for want of knowledge the allegations set forth in Paragraph 7 of Plaintiffs' amended complaint.

8.      SS2 denies for want of knowledge the allegations set forth in Paragraph 8 of Plaintiffs' amended complaint.

9.      SS2 denies for want of knowledge the allegations set forth in Paragraph 9 of Plaintiffs' amended complaint.

10.      SS2 denies for want of knowledge the allegations set forth in Paragraph 10 of Plaintiffs' amended complaint.

11.      SS2 denies for want of knowledge the allegations set forth in Paragraph 11 of Plaintiffs' amended complaint.

12.      SS2 denies the allegations set forth in Paragraph 12 of Plaintiffs' amended complaint.

13.      SS2 admits the allegations set forth in Paragraph 13 of Plaintiffs' amended complaint.

14.      In response to Paragraph 14 of Plaintiffs' amended complaint, SS2 admits that Hetal Patel is an individual who holds an ownership interest in SS2.

15.      In response to Paragraph 15 of Plaintiffs' amended complaint, SS2 admits that Nehal Patel is an individual who holds an ownership interest in SS2.

16.     SS2 denies the allegations set forth in Paragraph 16 of Plaintiffs' amended complaint.

17.     In response to Paragraph 17 of Plaintiffs' amended complaint, SS2 admits that it operates the described motel.  SS2 denies all remaining allegations set forth in that paragraph.

18.     SS2 denies the allegations set forth in Paragraph 18 of Plaintiffs' amended complaint.

19.     SS2 denies the allegations set forth in Paragraph 19 of Plaintiffs' amended complaint.

20.     SS2 denies the allegations set forth in Paragraph 20 of Plaintiffs' amended complaint.

21.     SS2 denies the allegations set forth in Paragraph 21 of Plaintiffs' amended complaint.

22.     SS2 denies the allegations set forth in Paragraph 22 of Plaintiffs' amended complaint.

23.     SS2 denies the allegations set forth in Paragraph 23 of Plaintiffs' amended complaint.

24.     SS2 denies the allegations set forth in Paragraph 24 of Plaintiffs' amended complaint.

25.     SS2 denies for want of knowledge the allegations set forth in Paragraph 25 of Plaintiffs' amended complaint.

## PLAINTIFFS' "FACTUAL BACKGROUND"

## Plaintiffs' "Defendants' Business & Pay Practices"

26.     In response to Paragraph 26 of Plaintiffs' amended complaint, SS2 admits that it is in the business of operating the described motel.  SS2 denies all remaining allegations set forth in that paragraph.

27.     SS2 denies  the allegations set forth in Paragraph 27 of Plaintiffs' amended complaint.

28.     SS2 denies the allegations set forth in Paragraph 28 of Plaintiffs' amended complaint.

29.     SS2 denies the allegations set forth in Paragraph 29 of Plaintiffs' amended complaint.

30.     SS2 denies the allegations set forth in Paragraph 30 of Plaintiffs' amended complaint.

31.     SS2 denies the allegations set forth in Paragraph 31 of Plaintiffs' amended complaint.

32.     SS2 denies for want of knowledge the allegations set forth in Paragraph 32 of Plaintiffs' amended complaint.

33.     SS2 denies the allegations set forth in Paragraph 33 of Plaintiffs' amended complaint.

34.     SS2 denies the allegations set forth in Paragraph 34 of Plaintiffs' amended complaint.

35.     SS2 denies the allegations set forth in Paragraph 35 of Plaintiffs' amended complaint.

36.     SS2 denies the allegations set forth in Paragraph 36 of Plaintiffs' amended complaint.

37.     SS2 denies the allegations set forth in Paragraph 37 of Plaintiffs' amended complaint.

38.     SS2 denies the allegations set forth in Paragraph 38 of Plaintiffs' amended complaint.

39.     SS2 denies the allegations set forth in Paragraph 39 of Plaintiffs' amended complaint.

40.     SS2 denies the allegations set forth in Paragraph 40 of Plaintiffs' amended complaint.

**Plaintiffs' "Named Plaintiffs' Experiences"**

      **A.**      **Plaintiff Bolyard**

41.     SS2 denies the allegations set forth in Paragraph 41 of Plaintiffs' amended complaint.

42.     SS2 denies the allegations set forth in Paragraph 42 of Plaintiffs' amended complaint.

43.     SS2 denies the allegations set forth in Paragraph 43 of Plaintiffs' amended complaint.

44.     SS2 denies the allegations set forth in Paragraph 44 of Plaintiffs' amended complaint.

45.     SS2 denies the allegations set forth in Paragraph 45 of Plaintiffs' amended complaint.

46.     In response to Paragraph 46 of Plaintiffs' amended complaint, SS2 admits it paid Bolyard on an hourly basis throughout his employment.  SS2 denies the remaining allegations set forth in that paragraph.

47.     SS2 denies the allegations set forth in Paragraph 47 of Plaintiffs' amended complaint.

48.     SS2 denies the allegations set forth in Paragraph 48 of Plaintiffs' amended complaint.

49.     SS2 denies the allegations set forth in Paragraph 49 of Plaintiffs' amended complaint.

50.     SS2 denies the allegations set forth in Paragraph 50 of Plaintiffs' amended complaint.

51.     SS2 denies the allegations set forth in Paragraph 51 of Plaintiffs' amended complaint.

52.     SS2 denies the allegations set forth in Paragraph 52 of Plaintiffs' amended complaint.

53.     SS2 denies the allegations set forth in Paragraph 53 of Plaintiffs' amended complaint.

**B.      Plaintiff Sheppard**

54.     SS2 denies for want of knowledge the allegations set forth in Paragraph 54 of Plaintiffs' amended complaint.

55.     SS2 denies the allegations set forth in Paragraph 55 of Plaintiffs' amended complaint.

56.     In response to Paragraph 56 of Plaintiffs' amended complaint, SS2 admits it paid Sheppard on an hourly basis throughout her employment with it.  SS2 denies the remaining allegations set forth in that paragraph.

6

57.     SS2 denies the allegations set forth in Paragraph 57 of Plaintiffs' amended complaint.

58.     SS2 denies the allegations set forth in Paragraph 58 of Plaintiffs' amended complaint.

59.     SS2 denies the allegations set forth in Paragraph 59 of Plaintiffs' amended complaint.

60.     SS2 denies the allegations set forth in Paragraph 60 of Plaintiffs' amended complaint.

61.     SS2 denies the allegations set forth in Paragraph 61 of Plaintiffs' amended complaint.

**C.      Plaintiff Wilder**

62.     SS2 denies the allegations set forth in Paragraph 62 of Plaintiffs' amended complaint.

63.     SS2 denies the allegations set forth in Paragraph 63 of Plaintiffs' amended complaint.

64.     In response to Paragraph 64 of Plaintiffs' amended complaint, SS2 admits it paid Wilder on an hourly basis throughout her employment.  SS2 denies the remaining allegations set forth in that paragraph.

65.     SS2 denies the allegations set forth in Paragraph 65 of Plaintiffs' amended complaint.

66.     SS2 denies the allegations set forth in Paragraph 66 of Plaintiffs' amended complaint.

67.     SS2 denies the allegations set forth in Paragraph 67 of Plaintiffs' amended complaint.

68.     SS2 denies the allegations set forth in Paragraph 68 of Plaintiffs' amended complaint.

**D.     Plaintiff Shukry**

69.     SS2 denies for want of knowledge the allegations set forth in Paragraph 69 of Plaintiffs' amended complaint.

70.     In response to Paragraph 70 of Plaintiffs' amended complaint, SS2 admits that Shukry's employment with it was terminated in or around November 2019 because Shukry claimed that her health issues prevented her from working full time.  SS2 denies for want of knowledge the remaining allegations in that paragraph.

71.     In response to Paragraph 71 of Plaintiffs' amended complaint, SS2 admits it paid Shukry on an hourly basis throughout her employment with it.  SS2 denies the remaining allegations set forth in that paragraph.

72.     SS2 denies the allegations set forth in Paragraph 72 of Plaintiffs' amended complaint.

73.     SS2 denies the allegations set forth in Paragraph 73 of Plaintiffs' amended complaint.

74.     SS2 denies the allegations set forth in Paragraph 74 of Plaintiffs' amended complaint.

**E.     Plaintiff Paschall**

75.     SS2 denies the allegations set forth in Paragraph 75 of Plaintiffs' amended complaint.

76.     SS2 denies the allegations set forth in Paragraph 76 of Plaintiffs' amended complaint.

77.     In response to Paragraph 77 of Plaintiffs' amended complaint, SS2 admits it paid Paschall on an hourly basis throughout his employment.  SS2 denies the remaining allegations set forth in that paragraph.

78.     SS2 denies the allegations set forth in Paragraph 78 of Plaintiffs' amended complaint.

79.     SS2 denies the allegations set forth in Paragraph 79 of Plaintiffs' amended complaint.

80.     SS2 denies the allegations set forth in Paragraph 80 of Plaintiffs' amended complaint.

81.     SS2 denies the allegations set forth in Paragraph 81 of Plaintiffs' amended complaint.

**F.     Plaintiff Hundley**

82.     SS2 denies the allegations set forth in Paragraph 82 of Plaintiffs' amended complaint.

83.     SS2 denies the allegations set forth in Paragraph 83 of Plaintiffs' amended complaint.

84.     In response to Paragraph 84 of Plaintiffs' amended complaint, SS2 admits it paid Hundley on an hourly basis throughout her employment.  SS2 denies the remaining allegations set forth in that paragraph.

85.     SS2 denies the allegations set forth in Paragraph 85 of Plaintiffs' amended complaint.

86.     SS2 denies the allegations set forth in Paragraph 86 of Plaintiffs' amended complaint.

87.     SS2 denies the allegations set forth in Paragraph 87 of Plaintiffs' amended complaint.

88.     SS2 denies the allegations set forth in Paragraph 88 of Plaintiffs' amended complaint.

**G.      Plaintiff Hill**

89.     SS2 denies the allegations set forth in Paragraph 89 of Plaintiffs' amended complaint.

90.     SS2 denies the allegations set forth in Paragraph 90 of Plaintiffs' amended complaint.

91.     In response to Paragraph 91 of Plaintiffs' amended complaint, SS2 admits it paid Hill on an hourly basis throughout her employment.  SS2 denies the remaining allegations set forth in that paragraph.

92.     SS2 denies the allegations set forth in Paragraph 92 of Plaintiffs' amended complaint.

93.     SS2 denies the allegations set forth in Paragraph 93 of Plaintiffs' amended complaint.

94.     SS2 denies the allegations set forth in Paragraph 94 of Plaintiffs' amended complaint.

95.     SS2 denies the allegations set forth in Paragraph 95 of Plaintiffs' amended complaint.

**<u>PLAINTIFFS' FIRST CAUSE OF ACTION (AGAINST ALL DEFENDANTS)</u>**
**FLSA Collective Action, 29 U.S.C. §201, *et seq***

**Alleged Failure to Pay Overtime**

96.     In response to Paragraph 96 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

97.     SS2 denies the allegations set forth in Paragraph 97 of Plaintiffs' amended complaint.

98.     SS2 denies the allegations set forth in Paragraph 98 of Plaintiffs' amended complaint.

99.     SS2 denies the allegations set forth in Paragraph 99 of Plaintiffs' amended complaint.

100.     SS2 denies the allegations set forth in Paragraph 100 of Plaintiffs' amended complaint.

101.     SS2 denies the allegations set forth in Paragraph 101 of Plaintiffs' amended complaint.

102.     SS2 denies the allegations set forth in Paragraph 102 of Plaintiffs' amended complaint.

103.     SS2 denies the allegations set forth in Paragraph 103 of Plaintiffs' amended complaint.

104.     SS2 denies the allegations set forth in Paragraph 104 of Plaintiffs' amended complaint.

105.     SS2 denies the allegations set forth in Paragraph 105 of Plaintiffs' amended complaint.

106.     SS2 denies the allegations set forth in Paragraph 106 of Plaintiffs' amended complaint.

**PLAINTIFFS' SECOND CAUSE OF ACTION (AGAINST ALL DEFENDANTS)**
**FLSA Collective Action, 29 U.S.C. §201,** *et seq.*
**Alleged Failure to Pay Minimum Wage**

107.     In response to Paragraph 107 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

108.     SS2 denies the allegations set forth in Paragraph 108 of Plaintiffs' amended complaint.

109.     SS2 denies the allegations set forth in Paragraph 109 of Plaintiffs' amended complaint.

110.     SS2 denies the allegations set forth in Paragraph 110 of Plaintiffs' amended complaint.

111.     SS2 denies the allegations set forth in Paragraph 111 of Plaintiffs' amended complaint.

112.     SS2 denies the allegations set forth in Paragraph 112 of Plaintiffs' amended complaint.

113.     SS2 denies the allegations set forth in Paragraph 113 of Plaintiffs' amended complaint.

114.     SS2 denies the allegations set forth in Paragraph 114 of Plaintiffs' amended complaint.

115.     SS2 denies the allegations set forth in Paragraph 115 of Plaintiffs' amended complaint.

116.     SS2 denies the allegations set forth in Paragraph 116 of Plaintiffs' amended complaint.

**PLAINTIFFS' THIRD CAUSE OF ACTION (AGAINST ALL DEFENDANTS)**
**OMFWSA R.C. 4111.03**

**Alleged Failure to Pay Overtime**

117.     In response to Paragraph 117 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

118.     SS2 denies the allegations set forth in Paragraph 118 of Plaintiffs' amended complaint.

119.     SS2 denies the allegations set forth in Paragraph 119 of Plaintiffs' amended complaint.

120.     SS2 denies the allegations set forth in Paragraph 120 of Plaintiffs' amended complaint.

<u>**PLAINTIFFS' FOURTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)**</u>
**OMFWSA R.C. 4111.02 & Ohio Constitution Section 34(a)**
**Alleged Failure to Pay Minimum Wage**

121.     In response to Paragraph 121 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

122.     SS2 denies the allegations set forth in Paragraph 122 of Plaintiffs' amended complaint.

123.     SS2 denies the allegations set forth in Paragraph 123 of Plaintiffs' amended complaint.

124.     SS2 denies the allegations set forth in Paragraph 124 of Plaintiffs' amended complaint.

<u>**PLAINTIFFS' FIFTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)**</u>
**R.C. 4113.15**
**Alleged Failure to Tender Pay by Regular Payday**

125.     In response to Paragraph 125 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

13

126.     SS2 denies the allegations set forth in Paragraph 126 of Plaintiffs' amended complaint.

127.     SS2 denies the allegations set forth in Paragraph 127 of Plaintiffs' amended complaint.

128.     SS2 denies the allegations set forth in Paragraph 128 of Plaintiffs' amended complaint.

129.     SS2 denies the allegations set forth in Paragraph 129 of Plaintiffs' amended complaint.

## PLAINTIFFS' SIXTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### Ohio Law
### Alleged Spoliation of Evidence

130.     In response to Paragraph 130 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

131.     In response to Paragraph 131 of Plaintiffs' amended complaint, SS2 denies for want of knowledge the legal provisions under which Plaintiffs' counsel sent the letter, admits that Hetal Petal received such a letter, and denies the remaining allegations in that paragraph.

132.     In response to Paragraph 132 of Plaintiffs' amended complaint, SS2 admits that its counsel stated that the requested records are anticipated to be produced by the end of the next week, denies that its counsel stated the records "would be forthcoming," and admits the remaining allegations in that paragraph.

133.     SS2 admits the allegations set forth in Paragraph 133 of Plaintiffs' amended complaint.

134.     In response to Paragraph 134 of Plaintiffs' amended complaint, SS2 admits that Bolyard received all check stubs when he received his checks, that SS2 provided all requested time

clock records for each workweek, admits that it provided all requested time clock records *again* in its initial disclosures in this matter, and denies the remaining allegations in that paragraph.

135.    SS2 denies the allegations set forth in Paragraph 135 of Plaintiffs' amended complaint.

136.    SS2 denies the allegations set forth in Paragraph 136 of Plaintiffs' amended complaint.

137.    SS2 denies the allegations set forth in Paragraph 137 of Plaintiffs' amended complaint.

138.    SS2 denies the allegations set forth in Paragraph 138 of Plaintiffs' amended complaint.

## PLAINTIFFS' SEVENTH CAUSE OF ACTION (AGAINST SS2 ONLY)
### FLSA - Retaliation

139.    In response to Paragraph 139 of Plaintiffs' amended complaint, all of the preceding admissions and denials are realleged as if fully rewritten herein.

140.    Paragraph 140 of Plaintiffs' amended complaint does not require an admission or denial.  To the extent that an admission or denial is required, SS2 denies for want of knowledge the allegations set forth in that paragraph.

141.    SS2 denies for want of knowledge the allegations set forth in Paragraph 141 of Plaintiffs' amended complaint.

142.    SS2 admits the allegations set forth in Paragraph 142 of Plaintiffs' amended complaint.

143.    SS2 admits the allegations set forth in Paragraph 143 of Plaintiffs' amended complaint.

144.     SS2 denies the allegations set forth in Paragraph 144 of Plaintiffs' amended complaint.

145.     SS2 denies the allegations set forth in Paragraph 145 of Plaintiffs' amended complaint.

146.     SS2 denies the allegations set forth in Paragraph 146 of Plaintiffs' amended complaint.

147.     SS2 denies the allegations set forth in Paragraph 147 of Plaintiffs' amended complaint.

148.     SS2 denies the allegations set forth in Paragraph 148 of Plaintiffs' amended complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

1.     Plaintiffs fail to state a claim upon which relief which relief can be granted.

2.     Plaintiffs fail to join parties under Rule 19.

3.     This Court lacks subject-matter jurisdiction.

4.     Plaintiffs fail to satisfy the prerequisites for bringing a class action under Rule 23 or Local Rule 23.1.

5.     Final injunctive relief and/or declaratory relief would not be appropriate respecting the putative class as a whole.

6.     Plaintiffs' claims are barred by accord and satisfaction, estoppel, fraud, payment, and/or unclean hands.

7.     Plaintiffs' damages, if any, are the sole, direct, and/or proximate result of Plaintiffs' acts and/or omissions.

8. Plaintiffs' damages, if any, are the sole, direct, and/or proximate result of the acts and/or omissions of third parties over whom SS2 lacks control.

9. SS2 is entitled to offset and/or recoupment.

10. Plaintiffs' attorney's fees are neither necessary nor reasonable.

11. Plaintiffs' are not entitled to liquidated damages and/or pre-judgment interest.

12. At all times, SS2 acted in good faith and reasonably believed it was not in violation of the FLSA or the OMFWSA.

13. At all times, SS2 was, and is, exercising its rights granted by the Seventh Amendment to the United States Constitution – rights that are ***not*** dependent upon winning a race to the Courthouse.

14. SS2 did not include a claim against Plaintiff Shukry in its counterclaim.

15. SS2's counterclaim, and amended counterclaim, are brought in good faith and without retaliatory intent.

16. Subject to Rule 15, SS2 reserves the right to assert additional affirmative defenses as they may become known through the course of this litigation.

WHEREFORE, having answered Plaintiffs' amended complaint, SS2 respectfully requests that the same be dismissed with prejudice at Plaintiffs' costs, that the Court award SS2 its legal fees and expenses incurred in the defense thereof, and any additional relief that this Court determines to be just and equitable.

## AMENDED COUNTERCLAIM

Defendant SS2, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(1), hereby states its amended counterclaim against Plaintiffs Christopher Bolyard, Pamela

Sheppard, Meranda Wilder, Mario Paschall, Audrey Hundley, and Myra Hill (collectively, "Counterclaim Defendants") and as follows:

1. SS2 is an Ohio corporation in the business of conducting a hotel in the City of Westlake, Ohio, commonly known as "Super 8" ("the Business").

2. SS2 holds a license issued by the State of Ohio to maintain, conduct, and/or advertise the Business.

3. This Court has supplemental jurisdiction over SS2's counterclaim pursuant to 28 U.S.C. §1367.

## COUNT I – BREACH OF CONTRACT (BOLYARD, SHEPPARD, PASCHALL, AND HUNDLEY)

4. Between September 1, 2018 and September 1, 2019, SS2 offered Bolyard, Sheppard, Paschall, and Hundley (collectively, "Counterclaim Guests") successive accommodations of 30 days at the Business for a fee.

5. Each Counterclaim Guest accepted SS2's afore-mentioned offers of accommodations.

6. In justifiable reliance upon Counterclaim Guests' promises to pay fees for the afore-mentioned accommodations, SS2 agreed to provide Counterclaim Guests the accommodations.

7. On or about June 27, 2019, SS2 had to request assistance from the Westlake Police Department to oust Paschall from his accommodations.

8. Each Counterclaim Guest has vacated the Business.

9. Each Counterclaim Guest failed to pay SS2 the agreed-upon fees for the accommodations.

10.     As a result of Counterclaim Guests' failures to pay the agreed-upon fees for the accommodations, SS2 has sustained damages in an amount to be determined at the trial of this matter.

11.     As a result of Counterclaim Guests' failure to pay the agreed-upon fees for the accommodations, each Counterclaim Guest has been unjustly enriched to the detriment of SS2 in an amount to be determined at the trial of this matter.

## COUNT II – CONVERSION (WILDER AND HILL)

12.     During her employment at the Business, Wilder wrongfully converted to her own personal use items of SS2's personal property, including, but not limited to, a microwave oven and cash paid for off market rooms.

13.     During her employment at the Business, Hill wrongfully converted to her own person use items of SS2's personal property, including cash paid for off market rooms.

14.     On or about April 19, 2019, SS2 reported to the Westlake Police Department that Wilder and Hill accepted cash for off market rooms.

15.     When Wilder and Hill wrongfully converted SS2's personal property to their own use, they knew that they had no right to take possession of the property.

16.     Wilder and Hill wrongfully converted SS2's personal property with malice.

17.     As a result of Wilder and Hill's wrongful conversion of SS2's personal property, SS2 has sustained damages in an amount to be determined at the trial of this matter.

18.     As a result of Wilder and Hill's malicious and wrongful conversion of SS2's personal property, SS2 is entitled to an award of punitive damages.

## COUNT III – SPOLIATION (WILDER AND HILL)

19.     Wilder and/or Hill knew that there was probable litigation against them by SS2 regarding the cash that they accepted for the off-market rooms and converted to their own personal uses.

20.     Wilder and/or Hill willfully destroyed evidence of the cash they accepted from SS2's customers for the off-market rooms.

21.     Wilder and/or Hill's willful destruction of the afore-mentioned evidence was designed to disrupt SS2's case against them for the wrongful conversion of the cash they accepted for the off-market rooms.

22.     Wilder and/or Hill's willful destruction of the afore-mentioned evidence is disrupting SS2's case against them and will continue to disrupt SS2's case against them.

23.     As a result of Wilder and/or Hill's spoliation of evidence, SS2 has sustained damages in an amount to be determined at the trial of this matter, and expects to continue to sustain damages in the future.

24.     As a result of Wilder and/or Hill's spoliation of evidence, SS2 is entitled to punitive damages and reasonable attorney's fees.

## COUNT IV – SPOLIATION (BOLYARD)

25.     When Bolyard left his employment with SS2, he knew that he intended to commence the present litigation.

26.     When Bolyard left his employments with SS2, he unlawfully took possession of and/or destroyed his SS2 personnel files, in addition to unlawfully taking possession of and/or destroying the personnel files of other employees of SS2.

27.     When Bolyard destroyed the personnel files, he knew that SS2 did not have any other copies – on paper or electronic – of the personnel files.

20

28.     Bolyard unlawfully took possession of and/or destroyed the personnel files to conceal several facts, including **1)** he lied on his employment application when he stated that he had no felony convictions; **2)** the personnel files contained no complaints from Bolyard or the other Plaintiffs that they were not paid overtime wages; and **3)** the personnel files contained employee complaints against Bolyard and Bolyard's complaints against the other Plaintiffs.

29.     Bolyard's unlawful possession of and/or destruction of the personnel files was designed to disrupt SS2's defense against Bolyard's claims.

30.     Bolyard's unlawful possession of and/or destruction of the personnel files is disrupting SS2's case, and will continue to disrupt SS2's defense against Bolyard's claims.

31.     As a result of Bolyard's spoliation of evidence, SS2 has sustained damages in an amount to be determined at the trial of this matter, and expects to continue to sustain damages in the future.

32.     As a result of Bolyard's spoliation of evidence, SS2 is entitled to punitive damages and reasonable attorney's fees.

WHEREFORE, SS2 demands judgment against Counterclaim Defendants as follows:

A.      Under Count I of the amended counterclaim, judgment against each Counterclaim Guest in the amount that each failed to pay SS2 for the accommodations, respectively, plus pre- and post-judgment interest, costs, and any further relief that this Court determines to be just and equitable;

B.      Under Count II of the amended counterclaim, judgments against Wilder and Hill in the amount of all property each wrongfully converted, plus punitive damages in the maximum amount permitted by law, reasonable attorney's fees and expenses, pre-

and post-judgment interest, costs, and any further relief that this Court determines to be just and equitable;

C.        Under Count III of the amended counterclaim, judgment against Wilder and Hill, jointly and severally, in an amount in excess of $25,000.00 as compensatory damages, plus punitive damages in the maximum amount permitted by law, reasonable attorney's fees, pre- and post-judgment interest, costs, and any further relief that this Court determines to be just and equitable; and

D.        Under Count IV of the amended counterclaim, judgment against Bolyard in an amount in excess of $25,000.00 as compensatory damages, plus punitive damages in the maximum amount permitted by law, reasonable attorney's fees, pre- and post-judgment interest, costs, and any further relief that this Court determines to be just and equitable.

Subject to Fed. R. Civ. P. 15, SS2 reserves the right to assert counterclaims against members of any class certified by this Court under Fed. R. Civ. P. 23.

Respectfully submitted,

/s/ *Thomas M. Horwitz*
THOMAS M. HORWITZ
Attorney Bar No. 0062323
**Co-Counsel for Defendants Shiva Shakti Two Corporation, Hetal Patel, and Nehal Patel**
Thomas M. Horwitz Co., LPA
1991 Crocker Road, Suite 600
Westlake, Ohio 44145
Phone: (440) 892-3331
Email: tmh@horwitzlpa.com
Fax: (440) 848-8501

/s/ *Michael K. Rieke*
MICHAEL K. RIEKE
Attorney Bar No. 0071919
**Co-Counsel for Defendants Shiva Shakti Two Corporation, Hetal Patel, and Nehal Patel**
RUSSO & RIEKE, LLC
21380 Lorain Road, Suite 201
Fairview Park, Ohio 44126
Phone: (440) 331-9600
Email: Michael@AttorneyRusso.com
Fax: (440) 331-9601

## JURY DEMAND

SS2 demands a trial by the maximum number of jurors permissible in this action on all triable issues.

Respectfully submitted,

/s/ Thomas M. Horwitz
THOMAS M. HORWITZ
Attorney Bar No. 0062323
**Co-Counsel for Defendants Shiva Shakti Two Corporation, Hetal Patel, and Nehal Patel**
Thomas M. Horwitz Co., LPA
1991 Crocker Road, Suite 600
Westlake, Ohio 44145
Phone:  (440) 892-3331
Email: tmh@horwitzlpa.com
Fax:  (440) 848-8501

/s/ Michael K. Rieke
MICHAEL K. RIEKE
Attorney Bar No. 0071919
**Co-Counsel for Defendants Shiva Shakti Two Corporation, Hetal Patel, and Nehal Patel**
RUSSO & RIEKE, LLC
21380 Lorain Road, Suite 201
Fairview Park, Ohio 44126
Phone:  (440) 331-9600
Email: Michael@AttorneyRusso.com
Fax:  (440) 331-9601

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendant Shiva Shakti Two Corporation's Answer to Amended Complaint and Amended Counterclaim* was served on this 2nd day of January, 2020, via the Court's electronic filing system, pursuant to Fed. R. Civ. P. 5(b)(3) and Local Rule 5.1(c).

Respectfully submitted,

/s/ Thomas M. Horwitz
THOMAS M. HORWITZ
Attorney Bar No. 0062323
**Co-Counsel for Defendants Shiva Shakti Two Corporation, Hetal Patel, and Nehal Patel**