IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BOLYARD, et al., | CASE NO. 1:19 CV 2402 |
| | |
| | JUDGE DONALD C. NUGENT |
| Plaintiffs, | |
| | |
| v. | MEMORANDUM OPINION |
| | AND ORDER |
| SHIVA SHAKTI TWO | |
| CORPORATION, et al., | |
| | |
| Defendants. | |

This matter is before the Court on the Plaintiffs' Motion for Attorneys' Fees and Costs. (ECF #47)

**Factual and Procedural Background**

On October 15, 2019, Christopher Bolyard and five other named Plaintiffs filed this collective action, on behalf of themselves and similarly situated individuals, against Defendants Shiva Shakti Two Corporation ("SS2"), Hetal Patel and Nehal Patel, alleging that Defendants failed to pay them for all wages earned, including minimum wage for all hours worked, as well as overtime compensation for hours worked in excess of forty in a workweek in violation of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act (OMFWSA"), the Ohio Prompt Pay Act, R.C. Chapter 4113, and Ohio common law. Defendants answered the Complaint and alleged counterclaims against some of the named Plaintiffs. Plaintiffs filed an Amended Complaint adding an FSLA retaliation claim against Defendant SS2 based on the allegedly frivolous nature of the counterclaims asserted against the named Plaintiffs.

On January 22, 2020, the Court granted Plaintiffs motion for conditional class certification and the approved notices were sent to putative class members. At the close of the notice period, four additional Plaintiffs opted into the action.

Plaintiffs' counsel filed a motion on February 7, 2020, to withdraw as attorney for named Plaintiff Christopher Bolyard after learning that Mr. Bolyard had been negotiating with Defendants to the detriment of the other class members. The Court granted Counsel's motion to withdraw from the representation of Mr. Bolyard. Thereafter, Mr. Bolyard, acting *pro se*, settled with Defendants and all claims between Mr. Bolyard and Defendants were dismissed with prejudice and Mr. Bolyard was dismissed from this action. (ECF #37)

Defendants moved to dismiss Plaintiff Pamela Sheppard's claims on June 8, 2020, as a discovery sanction because Ms. Sheppard had not responded to discovery requests even after the Court had granted Defendant's motion to compel. (ECF #39) Thereafter, on June 26, 2020, Plaintiff's counsel moved to withdraw as attorney for named Plaintiff Pamela Sheppard asserting that Ms. Sheppard was unresponsive to counsel and failed to fulfill her obligations in the action. That motion to withdraw was granted on June 29, 2020. (ECF 43) While the Court never ruled on Defendants' Motion to Dismiss Ms. Sheppard; after the Court approved the settlement reached by the parties, the Final Approval Order stated that Plaintiffs released Defendants which effectively terminated Ms. Sheppard's claims against Defendants. (ECF #46)

The Settlement Agreement between the parties states that Defendants will pay a total settlement amount of $3,399.00 to Plaintiffs representing payment for unpaid wages and liquidated damages. Only four of the nine remaining Plaintiffs had unpaid wages. Those Plaintiffs received their unpaid wages and a corresponding amount of liquidated damages. The

five Plaintiffs without unpaid wages each received $100 in liquidated damages. The Parties agreed that an application for Plaintiffs' attorneys' fees and costs would be submitted to the Court and "that Defendants shall be obligated to pay the costs and attorneys' fees ordered by the Court to resolve this lawsuit as part of the settlement." (ECF #44-2, p.5)

Plaintiff's Motion for Attorneys' Fees and Costs (ECF #47) seeks $51,637.50 in fees and $633.63 in costs. Defendants' Response asserts that Plaintiffs' Fee request should be reduced by $26,859.41 and the costs reduced by $63.30. In reply, Plaintiff's reject Defendants' proposed reductions and seek an increase in attorneys' fees to $55,243.63 reflecting time spent in filing the motion for fees and costs.

## Law and Analysis

The FLSA provides that the Court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C. § 216(b). "An award of attorney's fees under 216(b) is mandatory." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 367 (6th Cir. Tenn. 2014). While the FLSA does not define what constitutes a "reasonable" attorney's fee, "[t]he starting point for determining a reasonable fee is the lodestar, which is a product of the number of hours billed and a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). "Then, '[that amount may ... be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Moore v. Freeman*, 355 F.3d 558,565 (6th Cir. 2004). The party seeking attorneys fees bears the burden of documenting his entitlement to the award and must submit evidence supporting the hours

worked and the rates claimed. *Hensley*, 461 U.S. at 433; *Reed v. Rhodes*, 179 F.3d 453,472 (6th Cir. 1999)(citation omitted.) There is a 'strong presumption' that an attorney fee calculated under the lodestar method "represents a reasonable fee." *Mohn v. Geoffrey Goll, Esq.*, Case No. 4:15 CV 476, 2016 U.S. Dist. LEXIS 43866, at *1 (N.D. Ohio Mar. 31, 2016) (*citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

To further determine the reasonableness of a fee award, courts should consider the following factors:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3.2

Where "a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. Tenn. 2005) (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933). However, "where the plaintiff's claims for relief involve common facts or related legal theories,

Case: 1:19-cv-02402-DCN Doc #: 50 Filed: 10/28/20 5 of 12. PageID #: 930

such that much of counsel's time will have been devoted generally to the litigation as a whole, the court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. Ohio 2008). Ultimately, "reasonable" fees in the FLSA context are those that are adequate to attract competent counsel, but which do not produce a windfall for the attorney. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. Ohio 2014).

**Lodestar calculation-Hourly rate**

In this case Plaintiffs seek attorneys fees for the work of three attorneys, Greg Mansell, lead counsel, Carrie Dyer, co-counsel and Rhiannon Herbert, first acting as a "post graduate law clerk" and then as co-counsel after being admitted to the bar. Mr. Mansell's time is billed at $350 per hour reflecting his eleven years of experience in employment and wage and hour litigation since 2009. He has been lead class counsel on numerous wage and hour class and/or collective actions and his $350 rate has been approved by federal district courts in Ohio since 2017. (Mansell Decl. ¶ 7). Ms. Dyer's time is billed at $300 per hour. Ms. Dyer has served as lead or co-counsel on more than 300 employment law cases since graduating from law school in 2013. Her $300 billing rate has recently been approved by a court in the Southern District of Ohio in March 2020. (Dyer Decl. ¶¶2-7). Ms. Herbert is a 2019 graduate of the Capital University Law School. Ms. Herbert began working on this case as a post-graduate law clerk on August 21, 2019. She became a licensed attorney in Ohio on November 12, 2019 and began serving as co-counsel on this case at this time. Since graduation her practice has been exclusively devoted to employment and wage and hour litigation. Her hourly rate as a law clerk was $150

-5-

and her hourly rate as a licensed attorney is $225. (Herbert Decl. ¶¶ 2-7). Plaintiffs also submit the declaration of Cleveland attorney Rachel Sabo Friedmann, who has a strong reputation in the Cleveland area as an employment and wage and hour litigation specialist, who states that she is familiar with the rates charged by other counsel in this area in fee applications in similar cases. In Ms. Sabo Friedmann's opinion, the rates charged by the Plaintiffs' attorneys here are reasonable and within the relevant rates for counsel with their level of background, skill and experience. (Sabo Friedmann Decl. ¶¶ 2-11) Moreover, Defendants do not object to any of the hourly rates charged by Plaintiffs' attorneys. Accordingly, the Court finds that the hourly rates of $350 for Mr. Mansell, $300 for Ms. Dyer and the split rate for Ms. Herbert of $150 and $225 are in accord within the prevailing market rates charged for this type of legal work in the Northern District of Ohio. As such, the Court finds that the rates charge here are reasonable.

**Lodestar calculation–billable hours**

Mr. Mansell asserts that he billed 21.6 hours on this matter up to the drafting of the reply brief on this motion for attorneys fees and then billed an additional 3.8 hours on the reply brief for a total number of billable hours of 25.4. Ms. Dyer asserts that she billed 62.4 hours on this matter and Ms. Herbert states that she billed 27.9 hours on this matter before becoming licensed and 94.1 hours after becoming licensed. In addition she states that she billed an additional 7.3 hours on the reply brief. Thus, in total, Plaintiffs seek $51,637.50 in fees up to the reply brief and a total of $55,243.63 including the reply brief.

Defendants seek to carve $25,859.41 from Plaintiffs' request arguing that they should not pay fees associated with the following:

1) Plaintiffs Bolyard and Sheppard because they were not prevailing parties;

2) unnecessary discovery caused by false pleading;

3) an exaggerated initial settlement demand;

4) matters unrelated to FLSA claims such as rent;

5) multiple billings on same items; and

6) 50% reduction for excessive hours spent preparing the complaint and the motion for certification.

    Defendants seek to eliminate all fees relating to Defendant Bolyard who was the first employee that Plaintiffs' counsel sought payroll information on before filing suit. Plaintiffs' counsel investigated Mr. Bolyard's allegations prior to filing this action as required to identify the appropriate claims for relief. *See Anglo-Danish Fibre Indus. v. Columbian Rope Co.*, No. 01-2133-G/V, 2003 U.S. Dist. LEXIS 10386, *17-18 (W.D. Tenn. Jan. 30, 2003). Plaintiffs' counsel spoke to numerous employees --to gather information and investigate claims--who did not ultimately opt in to the collective action. Time spent pursuing factual information and investigation legal claims prior to litigation is compensable. *See Linneman v. Vita-Mix Corp.*, 394 F.Supp.3d 771, 786 (S.D. Ohio 2019). While Mr. Bolyard and Ms. Sheppard were not part of the collective at the end of this matter, Plaintiffs' counsel assert that the information they provided was central to preparation of the complaint and the conditional certification motion, and to the prosecution of successful claims.

    Moreover, Plaintiffs assert that many of the time entries that Defendants claim are related solely to Mr. Bolyard, were actually performed for the benefit of the entire FSLA collective, such as time spent drafting declarations for Mr. Bolyard and Ms. Sheppard that were used in the

motion for conditional certification. Thus, the work performed for Mr. Bolyard and Ms. Sheppard was necessary prosecute this action on behalf of the entire collective, thus the allegation that those two plaintiffs were not "prevailing parties" does not make counsels' time spent on these tasks unrecoverable.[1]

Defendants also assert that all fees relating to discovery should be disallowed because Plaintiffs' complaint and amended complaint caused Defendants to engage in unnecessary discovery. Specifically, Defendants assert that Plaintiffs' pleading that asserted that each plaintiff kept track of the hours they worked for Defendants by a utilizing a cell phone application, caused Defendants to engage in discovery to seek information and documents from each plaintiff and then to file a motion to compel against each plaintiff when their discovery responses were evasive. Defendants sent 16 interrogatories and 17 document requests to plaintiffs, of which only two interrogatories and one document request related to whether plaintiffs possessed independent records of their hours worked. Only Mr. Bolyard had independent records so Plaintiffs' counsel spent minimal time responding to those requests and did not respond to the motion to compel, thus saving fees, after informally resolving the discovery dispute with counsel for Defendants. The fees that Plaintiffs' counsel itemized for discovery here were reasonable and reflect the normal prosecution of pretrial discovery.

Defendants seek to deduct $3,260 in fees incurred from April 20 to May 22, 2020, for preparation of Plaintiffs' initial settlement demand, arguing that counsel spent 13.3 hours preparing a settlement demand that bore no relation to the actual wage underpayments.

---

[1] In any event, Defendants admit that they settled with Mr. Bolyard, thus, like the plaintiffs in the collective at the end of the action, Mr. Bolyard would also be a prevailing party.

Defendants contend that this one month of fees could have been avoided. While Plaintiffs' initial settlement demand may have been out of line, there is no indication that the demand was untimely or otherwise delayed the case. Indeed, the action settled in less than a year and less than three months after the settlement demand was made. Plaintiffs' counsel documented the time they spent reviewing the records and documentation in order to arrive at their settlement demand. The fact that Defendants disagree with their strategy does not make the time unrecoverable.

Defendants seek to deduct $1,505 for fees incurred in performing non-FSLA work–5.4 hours spent working on unpaid rent counterclaims asserted by Defendants and the alleged alteration of Mr. Bolyard's time records. Prevailing parties are entitled to fee awards for work performed on claims that are unrelated to the claims they prevailed on "so long as the work was 'useful and of a type ordinarily necessary' to secure the final result." *Grier v. Goetz*, No. 3:79–3107, 2009 U.S. Dist. LEXIS 132821, *51 (M.D. Tenn. Aug. 13, 2009)(quoting *Webb v. County Bd. of Educ.*, 471 U.S. 234, 243 (1985). The time spent on investigating and defending the counterclaims asserted against Plaintiffs here for unpaid rent was necessary to secure the final result. While unpaid rent may not share the exact facts with Plaintiffs' wage claims, they do relate to Plaintiffs' employment with Defendants and the resolution of those claims was vital to the settlement of this action because the parties' settlement agreement was contingent upon a mutual release of claims, including the dismissal of all counterclaims with prejudice.

Defendants seek a reduction of fees for "redundant" and "learning curve" billing. Defendants complain that two or three attorneys would meet and review the same document or spend time discussing matters in email chains–essentially calling this practice "double billing."

Plaintiffs respond that internal communications among co-counsel were reasonable and necessary to the effective representation of the FSLA Collective. Time spent meeting or communicating internally among co-counsel is compensable as long as the time is "reasonably expended." *Stragapede v. City of Evanston*, 215 F.Supp.3d 708, 716 (N.D. Ill. 2016). There is no evidence before the Court, here, to conclude that the time spent by counsel working collectively was unreasonable.

Defendants also complain that Plaintiffs' counsel should not bill for the "learning curve" attributed to Ms. Herbert as a new attorney, but should absorb the cost of her "training" themselves. Plaintiffs respond that their time spent reviewing and editing each other's work on significant issues in the action was reasonable and necessary to the effective representation of the collective. *See Reed v. Cracker Barrel Old Country Store*, 171 F.Supp.2d 751, 762 (M.D. Tenn. 2001). Further, Plaintiffs assert that the "learning curve" discount is already factored into the lower hourly billing rates to account for Ms. Herbert's relative inexperience. As such, no further deduction should be taken from Plaintiffs' total fee award on this basis.

Finally, Defendants argue, without any reference or support, that 13.6 hours preparing the complaint and 12 hours preparing and filing the motion for certification was excessive. They contend that "a boutique firm representing FLSA plaintiffs should be able to prepare, edit and file collective complaints and motions for certification without 're-inventing the wheel' for each case." (ECF #48 at p.12) Plaintiffs note that during the process of drafting the complaint, several additional plaintiffs and claims were added, necessitating further edits and review. They also point to a similar collective action where the Court approved Plaintiffs' counsel's time for a total of 13.1 hours spent drafting a motion for conditional certification. *See Minor et al. v. Twin*

*Rivers Construction, Inc.*, No. 2:16 cv 1002, Doc. No. 42 (S.D. Ohio 2017)(granting motion for attorneys' fees). The fees requested here by Plaintiffs' for the complaint and motion for conditional certification are within a reasonable range.

**Costs**

Defendants seek to eliminate reimbursement of $8.10 for two requests for Mr. Bolyard's payroll records by certified mail and a certified letter mailed Ms. Sheppard. As discussed above, Plaintiffs' counsel's expenses relative to Mr. Bolyard and Ms. Sheppard are compensable because they were necessary to the collective action as a whole. As such, these costs are recoverable.

Defendants also seek to eliminate reimbursement of $50.00 for a subpoena to First Federal Savings Bank of Lorain for Plaintiff Hill's banking records and the $1.10 in postage for mailing the subpoena. This cost related to the investigation of plaintiffs' claims and was necessary in order to confirm the amounts deposited in Ms. Hill's bank account matched the amounts that Defendants' records alleged she was paid. Ms. Hill was the only individual plaintiff whose pay was deposited into a bank account during her employment. This cost is recoverable here.

Plaintiffs' counsel has submitted evidence supporting the fees and costs requested here. Careful review of the submissions and the opposition filed by Defendants confirms that the fees and costs requested are reasonable.

## Conclusion

Plaintiffs' counsel achieved the best possible result for each Plaintiff in this action. For this reason and for the reasons stated above, Plaintiffs' Motion for Attorneys' Fees and Costs

(ECF #47) is GRANTED and Plaintiffs are awarded attorneys' fees in the amount of $54,610 and costs in the amount of $633.63.

    IT IS SO ORDERED.

                                      */s/ Donald C. Nugent*
                                      DONALD C. NUGENT
                                      United States District Judge

DATED: October 28, 2020